Objection Deadline: June 19, 2009
Hearing Date: June 25, 2009

KILPATRICK & ASSOCIATES, P.C.
903 N. Opdyke Road, Suite C
Auburn Hills, MI 48326
RICHARDO I. KILPATRICK, ESQ.
LEONORA K. BAUGHMAN, ESQ.
(248) 377-0700

ATTORNEYS FOR WAYNE COUNTY TREASURER,
OAKLAND COUNTY TREASURER AND
THE CITY OF DETROIT

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| GENERAL MOTORS CORPORATION, *et al.*, | Case No. 09-50026 (REG) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF THE WAYNE COUNTY TREASURER, THE OAKLAND COUNTY TREASURER AND THE CITY OF DETROIT TO THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 361, 362, 363 AND 364 (i) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING, INCLUDING ON AN IMMEDIATE, INTERIM BASIS; (ii) GRANTING SUPERPRIORITY CLAIMS AND LIENS; (iii) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL, (iv) GRANTING ADEQUATE PROTECTION TO CERTAIN PREPETION SECURED PARTIES, (v) AUTHORIZING THE DEBTORS TO PREPAY CERTAIN SECURED OBLIGATIONS IN FULL WITHIN 45 DAYS; AND (vi) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

NOW COME Creditors, the Wayne County Treasurer, the Oakland County Treasurer

and the City of Detroit, by and through counsel, Kilpatrick & Associates, P.C., and Day

Pitney LLP and for their Limited Objection to Motion of the Debtors for Entry of an Order

Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 (i) Authorizing the Debtors to Obtain

Postpetition Financing, Including on an Immediate, Interim Basis; (ii) Granting Superpriority

Claims and Liens; (iii) Authorizing the Debtors to Use Cash Collateral; (iv) Granting

1

Adequate Protection to Certain Secured Parties, (v) Authorizing the Debtors to prepay Certain Secured Obligations in Full Within 45 Days; and (vi) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 [Docket No. 64]; and Interim Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving a DIP Credit Facility and Authorizing the Debtors to Obtain Post-Petition Financing Pursuant Thereto, (B) Granting Related Liens and Super-Priority Status, (C) Authorizing the Use of Cash Collateral, (D) Granting Adequate Protection to Certain Pre-Petition Secured Parties and (E) Scheduling a Final Hearing [Docket No. 292]; says as follows:

## General Allegations

1. On June 1, 2009, General Motors Corporation and certain of its subsidiaries ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

2. The Oakland County Treasurer is the tax collecting governmental unit for Oakland County, Michigan. As such, it is the Treasurer's duty to collect past due property taxes for the county and various cities within the County, which accrue on both real and personal property located within Oakland County, Michigan.

3. The Wayne County Treasurer is the tax collecting governmental unit for Wayne County, Michigan. As such, it is the Treasurer's duty to collect past due property taxes for the county and various cities within the County, which accrue on real property located within Wayne County, Michigan.

4. The local municipalities in Michigan, whether city, village or township ("Local Taxing Authorities") are responsible for the collection of the current year property taxes which accrue on real and personal property located within that city, village or township.

5. The Local Taxing Authorities in Wayne County are responsible for the collection of the past due property taxes which accrue on personal property located within that city, village or township.

6. It is the duty of the Treasurer of the City of Detroit to collect current year property taxes which accrue on both personal and real property located within the City of Detroit.

7. The Oakland County Treasurer, the Wayne County Treasurer and the Treasurer for the City of Detroit will be jointly referred to as "Treasurers".

8. On June 1, 2009, the Debtors filed the Motion of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 (i) Authorizing the Debtors to Obtain Postpetition Financing, Including on an Immediate, Interim Basis; (ii) Granting Superpriority Claims and Liens; (iii) Authorizing the Debtors to Use Cash Collateral; (iv) Granting Adequate Protection to Certain Secured Parties, (v) Authorizing the Debtors to prepay Certain Secured Obligations in Full Within 45 Days; and (vi) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 ("Motion for DIP Financing") [Docket No. 64].

9. On June 1, 2009, the Court entered the Interim Order Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363, 364 and 507 and Bankruptcy Rules 2002, 4001 and 6004 (A) Approving a DIP Credit Facility and Authorizing the Debtors to Obtain Post-Petition Financing Pursuant Thereto, (B) Granting Related Liens and Super-Priority Status, (C) Authorizing the Use of Cash Collateral, (D) Granting Adequate Protection to Certain Pre-Petition Secured Parties and (E) Scheduling a Final Hearing ("Interim DIP Financing Order") [Docket No. 292].

10. The Motion for DIP Financing proposes to grant Adequate Protection Liens to the DIP Lenders which are a first lien on prepetition property subject only to Permitted Liens, as defined in the DIP Facility.

11. The Interim DIP Financing Order appears to limit the Permitted Liens to "any valid, perfected prepetition senior liens in any property of the Debtors' estates (or non-avoidable valid liens in existence as of the Petition Date that are subsequently perfected only as permitted by section 546(b) of the Bankruptcy Code), including but not limited to valid, perfected prepetition senior statutory and possessory liens, and recoupment and setoff rights." Paragraph 6 of the Interim DIP Financing Order.

## Relief Sought

12. The Treasurers seek to preserve their priming liens and modification of the Final Order Authorizing the DIP Financing to limit the Adequate Protection Liens to the Permitted Liens as defined in the DIP Facility. Section 3.24 of the DIP Facility.

## Basis for Relief Sought

### Michigan General Property Tax Act

13. Property tax assessment and collection in Michigan is governed by the General Property Tax Act, as amended. MCL § 211.1, et seq.

14. The taxable status of persons and real and personal property is determined as of the tax day, which in Michigan is December 31 of the immediately preceding year. MCL § 211.2(2).

15. Most Local Taxing Authorities impose a summer property tax levy each year, which taxes become a lien on July 1 of the year but may be due at various dates between July 31 and September 14 of the same year, depending on local ordinances. MCL § 211.44a(4).

16. All Local Taxing Authorities impose a winter property tax levy each year, which is billed in December of the year but due to be paid by February 14th of the following year. MCL § 211.44.

17. If the real property taxes are unpaid on February 15 of the following year, the Local Taxing Authorities return the unpaid taxes as delinquent to the applicable county treasurer. MCL § 211.44(9).

18. Pursuant to Michigan statute, the amounts assessed for real and personal property taxes become a first lien, superior to all other claims, encumbrances and liens, on December 1; or on a day provided for by the charter of a city or village; or on the day provided for pursuant to the provisions for a jeopardy assessment in section 40a. MCL § 211.40.

**Property Taxes for 2008**

19. At the time of the Debtors' filing, the Debtors owned multiple parcels of real and personal property located in Wayne and Oakland County, Michigan, and the City of Detroit.

20. As of the date of the Debtors' filing, the Debtors may owe the Treasurers for real and personal property taxes for the 2008 tax year or the Local Taxing Authorities in Wayne County for personal property taxes for the 2008 tax year.

21. Any obligations for property taxes for the 2008 year are pre-petition and secured by liens on the real and personal property of the Debtors which liens arose pre-petition.

**Property Taxes for 2009**

22. The Debtors' obligation to pay property taxes in Michigan for 2009 accrued prior to the filing of the cases.

23. If an ad valorem property tax comes due after the date of filing the petition, the statutory lien in the property may perfect post petition. 11 U.S.C. § 362(b)(18).

24. The Summer 2009 property taxes will come due at various dates between July 31 and September 14, 2009, depending on local ordinances.

25. The Winter 2009 property taxes will come due as to most taxing jurisdictions on February 14, 2010.

26. The unpaid real and personal property taxes for 2009 in Michigan will become statutory liens on the real and personal property of the Debtors as of July 1, 2009, as provided by other local ordinances, or December 1, 2009, at the latest.

**Basis for Relief - Argument**

27. This bankruptcy case will have an impact on the economy in this portion of the country.

28. The Debtors seek to grant the DIP Lender liens superior to the statutory liens of the Treasurers, contrary to state law which is unwarranted in this case.

29. The Treasurers utilize the real and personal property taxes collected to fund schools, roads, fire departments and other municipal and county functions.

30. Should the Court allow the subordination of the Treasurers' liens to the DIP Lender, it may negatively impact the recovery of taxes which are used to pay for the services provided to the Debtors during the pendency of the bankruptcy cases.

31. The Objection simply seeks that the Court not overturn established state law regarding the priority of liens for personal and real property taxes.

WHEREFORE, Creditors the Wayne County Treasurer and the Oakland County Treasurer pray that the Court grant the Motion for DIP Financing but limit the provision for adequate protection liens to the DIP Lenders by the Permitted Liens as defined in the DIP Facility and for such other and further relief as is just and necessary.

    Respectfully submitted,

    KILPATRICK & ASSOCIATES, P.C.
    Attorneys for Wayne County Treasurer and Oakland County Treasurer and the City of Detroit

    /S/ *Richardo I Kilpatrick*
    RICHARDO I. KILPATRICK (P35275)
    LEONORA K. BAUGHMAN (P33534)
    903 N. Opdyke Road, Suite C
    Auburn Hills, MI 48326
    (248) 377-0700

Dated: June 15, 2009     ecf@kaalaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing Objection of the Wayne County Treasurer, the Oakland County Treasurer and the City of Detroit to the Motion of the Debtors for Entry of an Order Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364 (i) Authorizing the Debtors to Obtain Postpetition Financing, Including on an Immediate, Interim Basis; (ii) Granting Superpriority Claims and Liens; (iii) Authorizing the Debtors to Use Cash Collateral; (iv) Granting Adequate Protection to Certain Secured Parties, (v) Authorizing the Debtors to prepay Certain Secured Obligations in Full Within 45 Days; and (vi) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 was duly served to all registered parties through the CM/ECF system for the United States Bankruptcy Court for the Southern District of New York and to the following via e-mail (where applicable), and by first-class mail postage prepaid to:

| | | |
|---|---|---|
| Office of the Untied State Trustee<br>Southern District of New York<br>33 Whitehall Street<br>New York, NY 10004 | Mr. Harvey R. Miller<br>Weil, Gotshal & Manges LLP,<br>767 Fifth Ave<br>New York, NY 10153 | General Motors Corp<br>300 Renaissance Center<br>Detroit, MI 48265<br>Attn: L. Buonomo |
| Cadwalader, Wickersham &Taft, LLP<br>Presidential Task Force<br>One World Financial Center<br>New York, NY 10281<br>Attn: J. Rapisardi | Vedder Price P.C.<br>Counsel – Export Development Canada<br>1633 Broadway, 47th floor<br>New York, NY 10019<br>Attn: M. Edelman | McMillan LLP<br>Attn: Peter Willis<br>Brookfield Place, Suite 4400<br>181 Bay St<br>Toronto Ontario Canada M5J 2T3 |
| Simpson Thacher & Bartlett LLP<br>425 Lexington Ave<br>New York, NY 10017<br>Attn: Peter Pantaleo and David Mack | Morgan, Lewis & Bockius, LLP<br>101 Park Ave.<br>New York, NY 10178<br>Attn: Richard Toder | International Union of Operating Engineers<br>c/o Barbara S. Mehlsack, Esq.<br>Gorlick, Kravitz & Listhaus, P.C.<br>17 State Street,4th Floor<br>New York, NY 10004-1519 |
| International Union,<br>United Automobile, Aero<br>8000 E. Jefferson Avenue<br>Detroit, MI 48214-3963 | Class Representatives of (1) Intl Union, UAW<br>MEYER SUOZZI ENGLISH & KLEIN, P.C.<br>1350 Broadway, Suite 501<br>P.O. Box 822<br>New York, NY 10018-0026 | |

                 _/S/ Larissa M. Robertson_____
                 Larissa M. Robertson
                 An Employee of Kilpatrick & Associates

June 15, 2009