Hearing Date and Time: June 25, 2009 at 9:00 a.m. (Eastern Time)
Objection Date and Time: June 19, 2009 at 4:00 p.m. (Eastern Time)

Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**GENERAL MOTORS CORP.**, *et al.*, : 09-50026 (REG)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

**SUPPLEMENT TO DEBTORS' MOTION
FOR ENTRY OF AN ORDER PURSUANT
TO 11 U.S.C. §§ 361, 362, 363, AND 364
(i) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION
    FINANCING, INCLUDING ON AN IMMEDIATE, INTERIM BASIS;
(ii) GRANTING SUPERPRIORITY CLAIMS AND LIENS;
(iii) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL;
(iv) GRANTING ADEQUATE PROTECTION TO CERTAIN PREPETITION
     SECURED PARTIES;
(v) AUTHORIZING THE DEBTORS TO PREPAY CERTAIN SECURED
    OBLIGATIONS IN FULL WITHIN 45 DAYS; AND
(vi) SCHEDULING A FINAL HEARING**

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

       1.      On June 1, 2009, General Motors Corporation ("**GM**") and certain of its

subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**") in the above-

captioned chapter 11 cases, filed a motion for authority to obtain debtor-in-possession financing

from the United States Treasury and Export Development Canada, and for related relief [Docket

No. 64] (the "**Motion**").[1] On June 2, 2009, the Court entered an interim order [Docket No. 292] granting the relief set forth therein on an interim basis and scheduling a final hearing on the Motion for June 25, 2009 at 9:00 a.m.

        2.      Among other relief, the Motion seeks authority, within one business day of the entry of a Final DIP Order, to pay in full the Debtors' obligations under

    (a)    that certain Amended and Restated Credit Agreement, dated as of July 20, 2006 (as amended, supplemented or otherwise modified, the "**Revolver Facility**") among the Company, General Motors of Canada Limited, Saturn, LLC, as a guarantor, Citicorp USA, Inc., as administrative agent, JPMorgan Chase Bank, N.A., as syndication agent, and certain secured parties including the banks and other financial institutions party to the Revolver Facility as lenders; and

    (b)    that certain Term Loan Agreement, dated as of November 29, 2006, among the Borrower, Saturn and JPMorgan Chase Bank, N.A., as administrative agent, and the lenders party thereto from time to time, as amended by that First Amendment, dated March 4, 2009, and as further amended, supplemented and otherwise modified from time to time (the "**Term Loan**").  Motion at ¶¶ 75-84.

## The Gelco Facility and the Repayment Thereof

        3.      As set forth in the Motion, GM is the Borrower under that certain Loan and Security Agreement (as amended, the "**Gelco Credit Agreement**"), dated as of October 2, 2006, between GM and Gelco Corporation (d/b/a GE Fleet Services ("**Gelco**")) as Lender, as amended by the First Amendment, dated as of September 27, 2007, the Second Amendment, dated as of November 29, 2007, the Third Amended, dated as of February 17, 2009 and as further amended, supplemented and otherwise modified from time to time (the "**Gelco Facility**").

        4.      Pursuant to the Gelco Credit Agreement, GM's obligations under the Gelco Facility (the "**Gelco Facility Obligations**") were secured by (i) all automobiles or light

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

trucks owned by GM and used in one of GM's "company car programs", (ii) all automobiles or light trucks held by GM as inventory, for which a certificate of title has been issued by the State of Michigan or for which a properly tendered application for a certificate of title has been received by the Michigan Secretary of State, (iii) all accounts, chattel paper or general intangibles arising from the sale or disposition of the foregoing, (iv) all accounts of GM where the sale proceeds of the foregoing are to be deposited as identified on Schedule IV to the Gelco Credit Agreement, (v) all books and records relating to any of the foregoing, and (vi) all proceeds of the foregoing, including any insurance proceeds with respect to any of the foregoing (the "**Gelco Collateral**").

5. As of May 27, 2009, the outstanding principal amount of the loans under the Gelco Facility was $125,000,000. The borrowings under the Gelco Facility were used to fund general working capital requirements. The Debtors believe that, as of the Commencement Date, the value of the assets encumbered by Gelco exceeds the aggregate amount of the Gelco Facility Obligations.

6. Subsequent to filing the Motion, the Debtors have determined to use proceeds from the DIP Facility to pay the Gelco Facility in full, on substantially the same terms and timeline as currently contemplated in the Motion in respect of the Debtors' prepetition Revolver Facility and Term Loan.

7. As described below, the repayment of the Gelco Facility is permissible under section 363(b)(1) of the Bankruptcy Code, and the applicable standard is the business judgment test.

8. As stated, like the Revolver Facility and the Term Loan, the Gelco Facility is fully secured. The Debtors have determined to pay the Gelco Facility, with interest calculated

at the non-default rate, within one business day after entry of a Final DIP Order. Payment will consolidate existing secured obligations under one facility for ease of administration.

9. Because the secured parties under the Gelco Facility are oversecured, the payment in full of all obligations thereunder will not prejudice any other parties in interest in these cases. Moreover, if it is later determined that there is some infirmity in the claims, the Court can fashion an appropriate remedy. Finally, the lenders under the DIP Facility have agreed that proceeds of the postpetition financing may be used to repay the Gelco Facility in full, provided that no default interest or prepetition expenses related thereto are charged or paid in connection therewith.

### The Debtors' Proposed Repayment of the Gelco Facility Should be Approved

10. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 363(b) gives the court broad flexibility to fashion relief to meet a wide variety of circumstances. *In re Ionosphere Clubs*, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989); *see also Lionel*, 722 F.2d at 1071 (noting the "various policy considerations" underlying section 363(b) include "the notion that a bankruptcy judge must not be shackled with unnecessarily rigid rules when exercising the undoubtedly broad administrative power granted him under the Code").

11. In addition, under section 105(a), Bankruptcy Courts have the power to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. Indeed, courts in the Southern District of New York have held that the repayment of prepetition secured obligations from, at least in part, postpetition debtor in

possession financing, can be an appropriate use of cash under sections 363(b) and 105(a) of the Bankruptcy Code. *In re Calpine Corp.*, 356 B.R. 585, 597 (S.D.N.Y. 2007) (noting that the repayment of secured notes "stopped the unnecessary loss of funds from Debtors' estates"); *In re Delphi Corp.*, No. 05-44481, 6 (Bankr. S.D.N.Y. Jan. 5, 2007) [Docket No. 6461]; *In re Monitor Single Lift I, Ltd.*, No. 07-13708 (MG), 2 (Bankr. S.D.N.Y. Dec. 6, 2007) [Docket No. 64].

13. For the reasons set forth above, and in the exercise of their sound business judgment, the Debtors have determined to use estate property, including proceeds of the DIP Facility, to repay the Gelco Facility. As is the case with the Revolver Facility and the Term Loan, the payment of the Gelco Facility will avoid unnecessary fees and expenses and potential default rate interest, and will facilitate the ease of administration of these cases. At or prior to the Final Hearing, the Debtors will submit a proposed Final DIP Order, which will, among other things, reflect the relief requested herein with respect to the Gelco Facility by including the Gelco Facility with the Revolver Facility and the Term Loan as a facility to be repaid upon entry of the Final DIP Order, as currently provided in paragraph 18 of the Interim DIP Order.

## Jurisdiction

14. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Notice

15. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the Southern District of New York, (ii) the attorneys for the United States Department of the Treasury, (iii) the attorneys for Export Development Canada, (iv) the attorneys for the agent under GM's prepetition secured term loan agreement, (v) the attorneys for

the agent under GM's prepetition amended and restated secured revolving credit agreement, (vi) the attorneys for the statutory committee of unsecured creditors appointed in these chapter 11 cases, (vii) the attorneys for the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, (viii) the attorneys for the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers—Communications Workers of America, (ix) the United States Department of Labor, (x) the attorneys for the National Automobile Dealers Association, (xi) the attorneys for the ad hoc bondholders committee, (xii) the U.S. Attorney's Office, S.D.N.Y., (xiii) the attorneys for Gelco, and (xiv) all entities that requested notice in these chapter 11 cases under Fed. R. Bankr. P. 2002.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

16.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: New York, New York
       June 15, 2009

/s/ Stephen Karotkin
Harvey R. Miller
Stephen Karotkin
Joseph H. Smolinsky

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession